### STREAT v. FINCH, YOUNG & McCONVILLE.

(Circuit Court, D Minnesota, Third Division. November 7, 1904.)

**1. PATENTS—ACTION FOR INFRINGEMENT—PLEADING.**

The complaint in an action for infringement of a patent must allege that the article as made thereunder was marked with notice of the patent, or that notice of the infringement was given to the defendant.

**2. SAME—INVENTION—WATERPROOF FABRIC.**

The Streat patent, No. 260,063, for a waterproof fabric made by uniting two fabrics with rubber cement, *held* void on its face for lack of invention.

At Law. On demurrer to complaint.

A. C. Paul, for plaintiff.

John E. Stryker, for defendants.

LOCHREN, District Judge (orally). With respect to the first point, it seems to be conceded that the demurrer is well taken, that an allegation of marking or of giving notice that the article was patented was a necessary one and that the complaint has no such allegation. The first ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. It is frequently supplemented by a more particular statement of the objection; but I think it has been held by the courts of this state, and perhaps of all the Code states, that the statement of the general ground that the pleading does not state sufficient facts is enough. So the demurrer will have to be sustained upon that ground. But, as that is a matter which may be cured by amendment, if the facts warrant, if the demurrer is sustained on that ground only, there will be leave to amend granted.

The other ground is a more serious one. I understand it to be not disputed that the patent itself may be considered upon this demurrer. In that case the court must consider as to whether the patent upon its face is valid, or, rather, whether upon its face it appears to be void; because I agree with counsel for the plaintiff that all presumptions must be ruled upon a demurrer of this kind in favor of sustaining the patent, the mere fact of its having been issued giving rise to a presumption of its usefulness and validity and that it does constitute invention. Nevertheless, if it is entirely apparent, after giving the allegations the benefit of such presumptions, that it does not disclose a patentable invention, I suppose it should be so decided upon a demurrer of this kind.

The invention consists, as I understand it, of applying to two fabrics a coating of rubber cement which will unite them together; the cement itself constituting the substance that will prevent water from penetrating. I do not understand that the claims in this patent direct the use of any particular device for scraping or measuring the thickness of the cement that is placed upon the cloths. The disclaimer seems to admit that uniting cloths in this manner by cement is not new, but old. What is there new in this patent? It does not describe, as I understand it, any new device that it claims has never been used before for performing this union; and it admits that cloths have long before been united by such cement placed between them. If so, the thickness of the cement is a matter for the discretion of the manufacturer. It could be placed on the cloths thicker or thinner as experience would dictate; and I think that it is very obvious that it required no exercise of invention to determine the thickness of this layer of cement, any more than it would be to determine the thickness of mortar that was placed between bricks or stone in an erection. That would be for the discretion of the person who was making the fabric, in view of what it was sought to accomplish. It seems that the disclaimer in the patent goes the length of showing that the device is covered in its entire extent by prior use. There is nothing new in the fabrics that would be used; nothing new in the cement. The fact that the fabrics were placed together and united by this cement is old, and whether that cement should be put on thin or thick is a matter to be determined entirely by the manufacturer. There is no invention about it.

I am inclined to think that this demurrer should be sustained, and the bill dismissed, for the reason that it appears upon the face of the complaint that the patent is void for want of invention.